NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 26a0157n.06

No. 25-5360

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

Apr 03, 2026

KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE MIDDLE |
| MAURICE LAWRENCE, | ) | DISTRICT OF TENNESSEE |
|     Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: KETHLEDGE, NALBANDIAN, and RITZ, Circuit Judges.

KETHLEDGE, Circuit Judge. A federal jury convicted Maurice Lawrence on gun and drug charges. He now appeals the district court's denial of his motion to suppress evidence found in his motel room. We reject his arguments and affirm.

In October 2019, a confidential informant told Detective Ryan Kozlowski, an officer with the Metropolitan Nashville Police Department, that Lawrence was selling drugs out of room 220 at the Kings Inn motel. Later that month, police used an informant to buy heroin from Lawrence. Lawrence told the informant to meet him at a location near the Kings Inn, and an undercover officer drove the informant there. When the officer and the informant arrived, the informant entered Lawrence's car, bought the heroin, and returned to the officer's car. Lawrence then drove to the Kings Inn and walked into room 220.

The next month, police set up a second controlled buy near the Kings Inn—this time for crack cocaine. Lawrence sold the drugs to the informant, and then walked to the Kings Inn and entered room 220. Two days later, on November 7, 2019, police arranged a third controlled buy.

Officers watched Lawrence leave room 220 of the Kings Inn, walk to the meeting location, hand the informant crack cocaine, and walk back to the Kings Inn.

On November 10, Detective Kozlowski applied for a search warrant to seize drugs and drug-trafficking paraphernalia from room 220 at the Kings Inn. A state judge granted the warrant. On November 12, police searched the motel room, where they found cocaine, fentanyl, heroin, marijuana, drug paraphernalia, and a loaded pistol.

A federal grand jury thereafter charged Lawrence with gun and drug offenses. Lawrence moved to suppress the evidence from the search, but the district court denied his motion. A jury later convicted Lawrence on five counts, including possessing cocaine and fentanyl with intent to distribute, possessing a firearm in furtherance of a drug-trafficking crime, and possessing a firearm as a felon. *See* 21 U.S.C. § 841(a)(1); 18 U.S.C. §§ 924(c)(1)(A), 922(g)(1). The district court sentenced Lawrence to 270 months in prison. This appeal followed.

Lawrence challenges the district court's denial of his motion to suppress. We review the district court's legal conclusions de novo and its factual findings for clear error, viewing the evidence in the light most favorable to the district court's decision. *See United States v. Collazo*, 818 F.3d 247, 253 (6th Cir. 2016).

Lawrence argues that the police lacked probable cause to search his motel room because, in his view, the information in the warrant affidavit went stale during the three-day period between the November 7 controlled buy and the November 10 warrant application. Probable cause requires "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Suspects often move contraband from place to place, so information in an affidavit "can grow stale over time." *United States v. Church*, 823 F.3d 351, 356 (6th Cir. 2016). And stale information cannot support probable cause for a search warrant.

*United States v. Frechette*, 583 F.3d 374, 377 (6th Cir. 2009). To determine whether information is stale, we consider the nature of the alleged crime, the suspect, the things to be seized, and the place to be searched. *United States v. Spikes*, 158 F.3d 913, 923 (6th Cir. 1998). The length of time between the events described in the affidavit and the time police apply for the warrant is relevant, but not controlling. *United States v. Abboud*, 438 F.3d 554, 572–73 (6th Cir. 2006).

Here, an informant told police that Lawrence was dealing drugs from the Kings Inn motel—information the police then corroborated with three controlled buys. Lawrence returned to the motel after each sale, likely bringing the drug proceeds with him. During the final controlled buy, Lawrence left his motel room (presumably carrying drugs), walked directly to the sale, and then walked back to his room.

The state judge could have drawn at least three reasonable inferences from this information. First, that Lawrence was engaged in an ongoing drug-dealing operation out of his motel room, and that the November 7 transaction was not a one-off drug sale. *See United States v. Greene*, 250 F.3d 471, 481 (6th Cir. 2001). Second, that Lawrence was not a one-time guest at the Kings Inn motel, but instead was "entrenched" in room 220 over a several-week period. *Spikes*, 158 F.3d at 923 (citation omitted). And third, that Lawrence used room 220 as a "secure operational base." *Id.* (citation omitted). Perhaps the prospect of cleaning staff entering the motel room made it less secure than a private home, but Lawrence felt comfortable keeping drugs and drug proceeds in the room before and after his sales. On this record, the state judge could have reasonably concluded that the information in the affidavit remained fresh, and thus that Lawrence likely had drugs or drug paraphernalia in his motel room three days after the last controlled buy.

Lawrence also contends that probable cause dissipated between the issuance of the warrant on November 10 and its execution on November 12. Probable cause must exist both when the

judge issues the warrant and when the police execute it. *See United States v. Sheckles*, 996 F.3d 330, 339 (6th Cir. 2021). But when a delay in execution is reasonable, and the defendant cannot point to "changed circumstances" in the interim, the "mere passage of time" generally will not eliminate probable cause. *United States v. Archibald*, 685 F.3d 553, 559–60 (6th Cir. 2012) (abrogated on other grounds).

Here, the judge issued the warrant on a Sunday, and the police executed it on Tuesday—a reasonable delay of only one business day. *See id.*; Tenn. R. Crim. P. 41(e)(3). And Lawrence has not identified any change in circumstances during that time. Thus, the police had probable cause to execute the warrant on November 12 for the same reasons the state judge had probable cause to issue the warrant. Moreover, the warrant sought more than just drugs: It also encompassed weapons and drug paraphernalia, like scales, packaging materials, and mixing devices. These items are of "enduring utility" to a drug dealer and are therefore "unlikely . . . to disappear" as quickly as drugs do. *United States v. Burney*, 778 F.3d 536, 541 (6th Cir. 2015) (citation omitted). Probable cause therefore did not dissipate between the issuance and execution of the warrant, and the district court properly refused to suppress the evidence that police discovered in Lawrence's motel room.

The district court's judgment is affirmed.